# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 1:21-00079-KD-B |
| | ) |
| DARRIN JAMARK SOUTHALL, *et al.*, | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on individual third-party Maurio Anderson's "Petition to Adjudicate Validity of Interest in Property," filed in response to the Court's Preliminary Order of Forfeiture (Doc. 539). (Doc. 569).

Specifically, individual Maurio Anderson has filed a Petition, as a third-party Petitioner/Claimant to the following property which is subject to the Preliminary Order of Forfeiture entered in this case, claiming an interest in same:

1) A Buick Wildcat, VIN 466370X12792 - on the basis that he purchased it from the Mobile County Sheriff's Department on 12/2/15 for $9,000

2) A 1972 Buick Chevrolet Impala, VIN 1M67R25289743 - on the basis that he purchased it from an individual named Mavis Hinton in 2015

(Doc. 569). Anderson provides no other information, other than submitting copies of vehicle tags issued by the Alabama Department of Revenue for same.

<u>Federal Criminal Rule of Procedure</u> Rule 32.2(c) and 21 U.S.C. § 853(n)(2) govern petitions/claims to property subject to forfeiture in a criminal case (ancillary proceedings).[1] As

---

[1] Section 853(n) provides in part:

.... **(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

(Continued)

summarized in United States v. Chicago, 2017 WL 1024276, *2-5 (S.D. Ala. Mar. 16, 2017):

> Title 21, United States Code, Section 853(n) protects third parties who may have an interest in property subject to forfeiture by giving them a limited right to participate temporarily in a criminal case through a hearing called an ancillary proceeding. *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010). The purpose of an ancillary proceeding is to exempt the interest of qualifying third parties from criminal forfeiture. *United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010). Any third party asserting a "legal interest" in forfeited property "may, within thirty days of the final publication of notice or h[er] receipt of notice ... whichever is earlier, petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2).
>
> ***
>
> **A. Pleading Requirements Under 21 U.S.C. § 853(n)(3)**
> Section 853(n)(3) requires a petition "be signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3). Further, the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property" along with "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* These pleading requirements are not "simply technical requirements, but are construed strictly to discourage false or frivolous claims." *United States v. Ceballos-*

---

> **(3)** The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.
>
> **(4)** The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection....

Rule 32.3(c) provides in part:

> **(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.
>
>> **(A)** In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>> **(B)** After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.
>
> ***

*Lepe*, 977 F. Supp. 2d 1085, 1088–89 (D. Utah 2013) (citation omitted).

> ....the issue is whether ... [the Petitioner] has set forth sufficient detail concerning the "nature and extent" of her ownership and "time and circumstances" of the acquisition of said interest within her Petition ... as required by § 853(n)(3).
>
> .... the Petition ... [does not] ... establish the nature and extent of .... ownership ..... [and] fails to explain the time and circumstances upon which she acquired an interest ... "In interpreting the 'time and circumstances' requirement, courts have held that a petition must 'do more than state [the] interest in a conclusory fashion." *United States v. Preston*, 123 F. Supp. 3d 108, 114 (D.D.C. 2015) (quoting *United States v. Kokko*, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007)). ...
>
> ***
>
> ...[Also] ... Nguyen did not sign it under penalty of perjury before filing it with the Court. Instead, it was only signed by counsel. An interested third party's petition that is signed only by counsel cannot be considered in deciding a motion to dismiss and is grounds for dismissal. *United States v. Burge*, 829 F. Supp. 2d 664, 667 (D.C. Ill. 2011). .... [the Petitioner] ... failed to satisfy the basic pleading requirements for an interested third party to seek amendment of a court's preliminary order of forfeiture in a criminal action. Her failure to satisfy the filing requirements of § 853(n)(3) is grounds for dismissal. *United States v. Carvajal*, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016); *see also Kokko*, 2007 WL 2209260, at *5 ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.") ....

A review of Anderson's Petition reveals that it is "bare bones" and is similarly deficient because: 1) it is not signed under penalty of perjury by the petitioner/claimant; 2) it fails to establish the nature and extent of ownership of the vehicles; 3) it fails to fully explain the time and circumstances when he acquired the interest (at least as to the Chevrolet Impala); and 4) it fails to contain additional facts to support his claim for relief.

Accordingly, it is **ORDERED** that Claimant/Petitioner Mario Anderson shall file, on or before **April 13, 2022,** an Amended Petition, that remedies the deficiencies set forth *supra* and satisfies the pleading requirements of Section 853(n).  It is further **ORDERED** that the United States of America shall file a Response, on or before, **April 27, 2022**.

**DONE** and **ORDERED** this the **6th** day of **April 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**