IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 1:21-00079-KD-B |
| | ) |
| **DARRIN JAMARK SOUTHALL,** *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on individual third-party Nyla Eliece Robinson's "Verified Claim in Opposition to Civil Judicial Forfeiture," filed in response to the Court's Preliminary Order of Forfeiture (Doc. 539). (Doc. 655).

Specifically, individual Robinson has filed a Claim, as a third-party Petitioner/Claimant to the following property which is subject to the Preliminary Order of Forfeiture entered in this case, claiming an interest in same: a 1995 Chevrolet Caprice, VIN 1G1BL52P5SR139474. (Doc. 569). Robinson states that this vehicle belongs to her and is title in her name, attaching a voided 2020 Certificate of Title for the vehicle issued by the Alabama Department of Revenue (Id. at 4), and that she does not believe the vehicle has been used in such a manner as to provide a basis for forfeiture in this case.

<u>Federal Criminal Rule of Procedure</u> Rule 32.2(c) and 21 U.S.C. § 853(n)(2) govern petitions/claims to property subject to forfeiture in a criminal case (ancillary proceedings).[1] As

---

[1] Section 853(n) provides in part:

.... **(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

**(3)** The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(Continued)

summarized in United States v. Chicago, 2017 WL 1024276, *2-5 (S.D. Ala. Mar. 16, 2017):

> Title 21, United States Code, Section 853(n) protects third parties who may have an interest in property subject to forfeiture by giving them a limited right to participate temporarily in a criminal case through a hearing called an ancillary proceeding. *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010). The purpose of an ancillary proceeding is to exempt the interest of qualifying third parties from criminal forfeiture. *United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010). Any third party asserting a "legal interest" in forfeited property "may, within thirty days of the final publication of notice or h[er] receipt of notice ... whichever is earlier, petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2).
>
> ***
>
> **A. Pleading Requirements Under 21 U.S.C. § 853(n)(3)**
> Section 853(n)(3) requires a petition "be signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3). Further, the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property" along with "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id*. These pleading requirements are not "simply technical requirements, but are construed strictly to discourage false or frivolous claims." *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1088–89 (D. Utah 2013) (citation omitted).
>
> ....the issue is whether ... [the Petitioner] has set forth sufficient detail concerning the "nature and extent" of her ownership and "time and circumstances" of the acquisition

---

> **(4)** The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection....

Rule 32.3(c) provides in part:

> **(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.
>
>> **(A)** In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>> **(B)** After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.
>
> ***

2

of said interest within her Petition ... as required by § 853(n)(3).

> .... the Petition ... [does not] ... establish the nature and extent of .... ownership ..... [and] fails to explain the time and circumstances upon which she acquired an interest ... "In interpreting the 'time and circumstances' requirement, courts have held that a petition must 'do more than state [the] interest in a conclusory fashion." *United States v. Preston*, 123 F. Supp. 3d 108, 114 (D.D.C. 2015) (quoting *United States v. Kokko*, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007)). ...
>
> ***
>
> ...[Also] ... Nguyen did not sign it under penalty of perjury before filing it with the Court. Instead, it was only signed by counsel. An interested third party's petition that is signed only by counsel cannot be considered in deciding a motion to dismiss and is grounds for dismissal. *United States v. Burge*, 829 F. Supp. 2d 664, 667 (D.C. Ill. 2011). .... [the Petitioner] ... failed to satisfy the basic pleading requirements for an interested third party to seek amendment of a court's preliminary order of forfeiture in a criminal action. Her failure to satisfy the filing requirements of § 853(n)(3) is grounds for dismissal. *United States v. Carvajal*, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016); *see also Kokko*, 2007 WL 2209260, at *5 ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.") ....

A review of Robinson's Petition reveals deficiencies. These include that: 1) it is not signed under penalty of perjury by the petitioner/claimant; 2) it fails to establish the nature and extent of ownership of the vehicle; 3) it fails to fully explain the time and circumstances when she acquired the interest; 4) it fails to contain additional facts to support her claim for relief; and 5) she has not attached a current vehicle registration.

Accordingly, it is **ORDERED** that Claimant/Petitioner Nyla Robinson shall file, on or before **May 13, 2022,** an Amended Petition, that remedies the deficiencies set forth *supra* and satisfies the pleading requirements of Section 853(n).  It is further **ORDERED** that the United States of America shall file a Response, on or before, **May 24, 2022**.

**DONE** and **ORDERED** this the **3rd** day of **May 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**