**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,** )
)
**vs.** ) **CRIMINAL ACTION 1:21-00079-KD-B**
)
**DARRIN JAMARK SOUTHALL, *et al*.,** )
**Defendants.** )

**ORDER**

This matter is before the Court on the Court's Preliminary Order of Forfeiture (Doc. 539), third-party claimant Ally Bank's "Verified Petition for Remission of Vehicle and for Adjudication of Claim" related to Defendant Brandy Lesha Thrash (Doc. 560), Defendant Thrash's Response Doc. 599), the Government's Response (Doc. 643), and the Government's Notice of Intent to Return the vehicle to Ally Bank (Doc. 684); third-party claimant Maurio Anderson's "Petition to Adjudicate Validity of Interest in Property" (Doc. 569), amended petition (Doc. 603), and the Government's response (Doc. 637); third party claimant Darlene Williams' "Petition to Adjudicate Validity of Interest in Property" (Doc. 628), amended petition (Doc. 656), the Government's motion to dismiss (Doc. 676), and the Government's Response (Doc. 677); and Nyla Eliece Robinson's "Verified Claim in Opposition to Civil Judicial Forfeiture" (Doc. 655), Robinson's mail returned (Doc. 679), and the Government's motion to dismiss (Doc. 682).

## I. Background

In the instant case, on April 29, 2021, the criminal defendants were charged in an 18-count indictment with various felony drug and money laundering offenses. (Doc. 37). Specifically, the indictment charged Defendant Darrin Southall in Count One with conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. In Count Two, all the defendants (Defendants Southall, Eric Windham, Randale Hinton, Lawrence Williams, Jason McDuffie, Nathaniel Hines, Derric

Kitt, Kenneth Daniels, Alandus Davison,[1] Shamartess Whitsett, Christian Glover, Brenishia Burroughs, Brandy Thrash, Terrance Watkins, Jadarrin Barnes and Willie Oliver) were charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Three charged Defendants Southall and McDuffie with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Count Four charged Defendants Southall and McDuffie with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(1)(a). Count Five charged Defendants Southall, Terrance Watkins and Jadarrin Barnes with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Six charged Defendants Southall, Watkins and Oliver with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Seven charged Defendants Southall, Daniels and Kitt with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Eight charged Defendant Southall with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Nine charged Defendants Southall and Davison with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Count Nine charged Defendants Southall and Davison with attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count Ten charged Defendant Southall with possession with intent to distribute 1.89 kilograms of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1). Count Eleven charged Defendants Southall, Thrash, and Burroughs with conspiracy to launder drug proceeds, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Counts Twelve through Eighteen charged Defendants Southall and Thrash with substantive counts alleging money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The Indictment also contains a Forfeiture Notice advising the defendants that, pursuant to

[1] Davison's case remains pending and is currently set for the June 2022 trial term.

21 U.S.C. § 853, the United States of America (the Government) would seek to forfeit the properties identified therein. (Doc. 37 at 11-14). Southall was on notice pursuant to 21 U.S.C. § 853 that the Government was seeking to forfeit "any property which constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property, used or intended to be used in any manner or part to commit or to facilitate the commission of such violation or violations." The forfeiture notice also provided that "[t]he United States is entitled to forfeiture of any such property constituting or derived from any proceeds each defendant obtained, directly or indirectly as the result of such violation; and any such property of any such defendant used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, including but not limited to" the property identified above as item numbers 1 through 22. (Doc. 37 at 12-13).

The indictment also contained a notice to Defendants Southall, Thrash, and Burroughs pursuant to 18 U.S.C. § 982(a)(1) that the Government sought to forfeit "any and all property involved in each of the offenses alleged in Counts Eleven through Eighteen, for which the defendant is convicted, and all property traceable to property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 (a)(1) or (h); all commissions, fees and other violations; and all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited" the property identified above as item numbers 34 and 35. (Doc. 37 at 14). Each forfeiture notice included a provision relating to the intent of the Government to pursue the forfeiture of "any substitute assets if other property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to, sold to or deposited with a third person; has been place beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property

which cannot be subdivided without difficulty," as the result of any act or omission of any defendant. (Doc. 37 at 13-15).

The Government filed a bill of particulars on August 18, 2021, notifying the defendants of additional specific property subject to forfeiture. The document corrected the vehicle identification numbers for items numbered 18 and 19 and identified item numbers 23 through 31 as specific property for which forfeiture was sought pursuant to 21 U.S.C. § 853. (Doc. 306 at 2). The Government filed a second bill of particulars on October 7, 2021, notifying the defendants of additional specific property subject to forfeiture. This notice identified item numbers 32 and 33 as additional specific property subject to forfeiture pursuant to 21 U.S.C. § 853. (Doc. 387 at 2-3).

Each defendant (except Defendant Davison, see note 1 *supra*) entered a guilty plea to one or more counts in the indictment. Pursuant to the plea agreements, the defendants have agreed to the forfeiture of the items specified in the Preliminary Order of Forfeiture. (Doc. 532 at 7-15).

On February 17, 2022, this Court granted the Government's Motion for Preliminary Order of Forfeiture and issued the preliminary order of forfeiture in relation to the defendants in this case as to items 1-36. (Doc. 539). On March 3, 2022, the Government posted notice of the Preliminary Order of Forfeiture on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days as required by 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2(b)(6)(C). In addition to the forfeiture notice and publication requirements, on March 3, 2022, the Government issued notice -- via certified and regular U.S. Mail -- to known potential claimants including Ally Bank, Maurio Anderson (by and through his attorney Lawanda O'Bannon), Darlene Williams and Nyla Eliece Robinson. (Doc. 542).

Thereafter, from March 29, 2022 to May 2, 2022, four (4) separate third-party claimants filed claims/petitions to certain property subject to the order of preliminary forfeiture (to which

responses were filed through May 23, 2022): Ally Bank (Doc. 560); Maurio Anderson (Doc. 569); Darlene Williams (Doc. 628); and Nyla Eliece Robinson (Doc. 655). The Court now addresses those claims.

## II. Relevant Law

"An ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property." United States v. Davenport, 668 F.3d 1316, 1320 (11th Cir. 2012). As recently reiterated by the Eleventh Circuit in United States v. Javat, 2022 WL 703940, *3 (11th Cir. Mar. 9, 2022):

> "Congress has created one—and only one—means for interested third-parties to participate in a criminal-forfeiture proceeding: asserting a 'legal right, title, or interest' sufficient for standing in an ancillary proceeding, 21 U.S.C [section] 853(n)." *United States v. Mar. Life Caribbean Ltd.*, 913 F.3d 1027, 1035 (11th Cir. 2019); *see also United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (explaining that a third party's "sole mechanism for vindicating her purported interest in the forfeited currency was within the context of the ancillary proceeding prescribed by [section] 853(n) and [r]ule 32.2(c)").

Specifically, Federal Criminal Rule of Procedure Rule 32.2(c) and 21 U.S.C. § 853(n)(2) govern petitions/claims to property subject to forfeiture in a criminal case (ancillary proceedings).[2]

---

[2] Section 853(n)(2)-(3) provide in part:

> .... **(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> **(3)** The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

Rule 32.2(c)(1) provides in part:

> **(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

(Continued)

Additionally, third-party proceedings, ancillary to a criminal forfeiture prosecution and governed by 21 U.S.C. § 853(n), are civil in nature. United States v. Cohen, 243 Fed. Appx. 531, 534 (11th Cir. 2007); United States v. Negron–Torres, 876 F.Supp.2d 1301, 1304 (M.D.Fla.2012); United States v. Brown, 509 F.Supp.2d 1239, 1241 (M.D. Fla. 2007); Fed.R.Crim.P. 32.2(c)(1)(B). This means that the claims/petitions may be subject to a motion to dismiss and/or motion for summary judgment. As explained in United States v. Chicago, 2017 WL 1024276, *2-3 (S.D. Ala. Mar. 16, 2017):

> Rule 32.2 of the Federal Rules of Criminal Procedure ... provides that in "an ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, failure to state a claim, or for any other lawful reason." Fed. R. Crim. Proc. 32.2(c)(1)(A). A motion to dismiss a third party's claim is treated like a 12(b) motion in a civil case; all facts are assumed to be true. *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (concluding under Rule 32.2(c)(1)(A), the Government may move to dismiss a third party claim on any ground to which a 12(b) motion would apply in a civil case); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (finding a motion to dismiss a third party claim in an ancillary proceeding is treated like a 12(b) motion in a civil case). If, taking all facts alleged in the petition as true, it fails to set forth ground upon which the claim would prevail, the claim must be dismissed. *United States v. Salti*, 579 F.3d 656, 669–70 (6th Cir. 2009) (finding a third party claim may be dismissed on the pleadings if, assuming all facts alleged in the claim to be true, claimant has not asserted a legal interest in the forfeited property).
>
> ***

Moreover, per U.S. v. Jackson, 2011 WL 2262922, *2 (S.D. Ala. Jun. 8, 2011) (footnote

---

> **(A)** In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>
> **(B)** After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.
>
> ***

omitted), there are specific processes and time limits which govern the filing of a petition/claim to assert an interest in property subject to forfeiture in a criminal case:

> By statute, the Government "shall publish notice of the order [of forfeiture] and of its intent to dispose of the property in such manner as the Attorney General may direct." 21 U.S.C. § 853(n)(1).[] Following publication of notice, § 853(n)(2) "establishes a thirty-day window during which any third parties who wish to assert an interest in criminally forfeited property must file a petition for a hearing." *United States v. Marion,* 562 F .3d 1330, 1335–36 (11th Cir.2009); *see also United States v. Soreide,* 461 F.3d 1351, 1355 (11th Cir.2006) ("The criminal forfeiture statute allows third parties to assert their interests in properties subject to forfeiture through the filing of a sworn petition, within thirty days of the publication of the impending forfeiture or of the third party actually receiving notice of the impending forfeiture, whichever is earlier."). "The failure to file a petition within this thirty-day time period extinguishes a third party's interests." *Marion,* 562 F.3d at 1339; *see also United States v. Metsch & Metsch, P.A.,* 2006 WL 1785338, *1 (11th Cir. June 29, 2006) (where third party failed to file a petition for ancillary proceeding within 30 days after publication of notice of forfeiture, "any interest it may have had in the [property] has been extinguished"); *United States v. Muckle,* 709 F.Supp.2d 1371, 1372 (M.D.Ga.2010) ("the time requirements of Section 853(n)(2) are mandatory and ... a third party who fails to file a petition within the prescribed thirty days forfeits her interest in the property") (citation and internal quotation marks omitted).

Thus, this 30 day rule is mandatory. "[I]f a third party desires to assert an interest in forfeitable property, she may do so by filing a sworn petition "within thirty days of the publication of the impending forfeiture or of the third party actually receiving notice of the impending forfeiture, whichever is earlier." United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (per curiam). "If a third party chooses not to file a petition within the prescribed thirty days, however, she forfeits her interests in the property." Marion at 1337.

Likewise, 21 U.S.C. § 853(n)(4)-(5) provides the processes for the hearing and notes that the Court should set the hearing "to the extent practicable" and consistent with the interests of justice, within 30 days of the filing of a petition/claim:

> **(4)** The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other

petition filed by a person other than the defendant under this subsection.

> **(5)** At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

Further, civil discovery may be conducted in these ancillary proceedings. United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2019); Fed.R.Crim. P. Rule 32.2(b)(3) ("The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) ... to conduct any discovery the court considers proper in identifying, locating, or disposing of the property[]"); Fed.R. Crim.P. Rule 32.2(c)(1)(B): ("After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56[]"); 21 U.S.C. § 853(m) ("[i]n order to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States, the court may, upon application of the United States, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure[]"). In so doing, the Court can permit discovery per Rule 32.2(c)(1)(B) after disposing of a motion to dismiss under Rule 32.2(c)(1)(A) before conducting the forfeiture hearing -- such that it is treated like a Rule

12(b) civil motion to dismiss. United States v. Marion, 562 F.3d 1330, 1342 (11th Cir. 2009) ("[T[he better practice may be to file the motion to dismiss before discovery and the ancillary hearing. There is no requirement that this be done, however." Id.

Finally, the Eleventh Circuit reviews a district court's legal conclusions regarding third-party claims to criminally forfeited property *de novo* and its factual findings for clear error. Marion, 562 F.3d at1335. United States v. Maritime Life Caribbean Ltd., 913 F.3d 1027, 1032 (11th Cir. 2019).

**III. Discussion**

At the outset, while 21 U.S.C. § 853(n)(4)-(5) suggests the Court setting a hearing "to the extent practicable" within 30 days of the filing of a petition/claim (*i.e.*, the first) consistent with the interests of justice, the statute simultaneously provides that the court may consolidate the hearing on such petition with a hearing on another petition -- and so has discretion in the timeframe for setting a hearing. In this case, the first petition was filed on March 29, 2022 and the Court required responses from a defendant and the Government before setting a hearing. Mere days later a second petition/claim was filed, and two (2) more followed all within the span of approximately 5 weeks -- all for which the Court noted certain deficiencies which had to be corrected as well for which responses from the Government were deemed necessary. That collective timeline rendered a setting of a hearing within 30 days of the filing of the first petition on March 29, 2022, not practicable. Rather, as detailed *infra*, given the circumstances of this case the Court has set the forfeiture hearing, for the petitions/claims which remain and for which evidence and testimony should be received, as timely as practicable and consistent with the interests of justice.

**A. Ally Bank**

On March 29, 2022, third-party claimant Ally Bank filed a "Verified Petition for Remission

of Vehicle and for Adjudication of Claim" in response to the Court's Preliminary Order of Forfeiture and as it relates to Defendant Brandy Lesha Thrash. (Doc. 560). Specifically, Ally filed a Petition, as a third-party Petitioner/Claimant to the following property subject to the Preliminary Order of Forfeiture, claiming a security interest in same: 2021 Chevy Tahoe VIN 1GNSKPKD5MR202157 with an outstanding balance of $81,678.95. In support, Ally submitted a purchase agreement, retail installment contract, assignment, title application documents, and a demand to Thrash for a correct title or lien statement for the vehicle. (Docs. 560-1 to 560-5). On March 29, 2022, the Court ordered Defendant Thrash and the Government to file responses. (Doc. 562).

On April 12, 2022, Defendant Thrash filed a response to Ally's claim indicating that the vehicle was seized by law enforcement and is subject to forfeiture, that she does not contest the forfeiture, and that the vehicle should be remitted to Ally's possession as an innocent lienholder, or the Government should satisfy the outstanding lien on the vehicle if it wishes to retain same. (Doc. 599). On April 29, 2022, the Government filed its response stating that it was trying in good faith to resolve and settle Ally's interest in the vehicle, but had been unable to obtain the necessary and timely commitment from the relevant agency to finalize negotiations. (Doc. 643). The Government anticipated that once the time expired for claimants to come forward, it would request that the Court order the vehicle be turned over to Ally. However, on May 23, 2022, the Government filed a Notice indicating that it will take no further action to pursue forfeiture of the vehicle and that "it will return Item 18 (the 2021 Chevy Tahoe vehicle) to the Claimant Ally Bank." (Doc. 684).

Upon consideration, it is **ORDERED** that the Government and Ally Bank shall file, on or before **June 1, 2022,** a Joint Status Report regarding Ally's claim.

**B. <u>Maurio Anderson</u>**

On April 4, 2022, individual third-party claimant Anderson filed a "Petition to Adjudicate Validity of Interest in Property," in response to the Court's Preliminary Order of Forfeiture. (Doc. 569). Specifically, Anderson filed a Petition, as a third-party Petitioner/Claimant to the following property subject to the Preliminary Order of Forfeiture, claiming an interest in same:

> 1) A Buick Wildcat, VIN 466370X12792 - on the basis that he purchased it from the Mobile County Sheriff's Department on 12/2/15 for $9,000; and
> 2) A 1972 Buick Chevrolet Impala, VIN 1M67R25289743 - on the basis that he purchased it from an individual named Mavis Hinton in 2015.

(Doc. 569). In support, Anderson only submitted copies of vehicle tags issued by the Alabama Department of Revenue for same. As such, the Court concluded that his Petition was "bare bones" and deficient because: 1) it was not signed under penalty of perjury by the petitioner/claimant; 2) it failed to establish the nature and extent of ownership of the vehicles; 3) it failed to identify the relevant defendant connected to the vehicles; 4) it failed to fully explain the time and circumstances when he acquired the interest (at least as to the Chevrolet Impala); and 5) failed to contain additional facts to support his claim for relief. As such, on April 6, 2022, the Court ordered Anderson to amend his petition to correct these deficiencies and for the Government to file a response thereto. (Doc. 581). On April 13, 2022, Anderson filed an amended petition. (Doc. 603).

On April 27, 2022, the Government filed a response stating that the 2 vehicles were identified as Defendant Southall's property, were acquired using drug proceeds and facilitated his drug distribution activities. The Government also asserts that it has been alleged that Anderson acted as Southall's nominee in the purchase of the vehicles and that while he may appear to be the titleholder, Anderson has not established legitimate source for funds he used to buy the vehicles. (Doc. 637). As such, the Government seeks discovery -- as necessary and desirable -- to discover

the source of any payments made for the vehicles, source/sources of the money used for such payments, maintenance and insurance payments related to the vehicles, the locations from which the vehicles were seized, payments made for storage fees, whether others possessed and used the vehicles and other relevant factual issues. (Id.) Specifically, the Government requests 90 days of discovery to conduct 3 depositions and propound 20 request for admission and 30 requests for production -- prior to any forfeiture hearing setting -- in relation to the foregoing. (Id.)

Upon consideration, it is **ORDERED** that the Government's request for limited discovery is **GRANTED in part** such that the Government may, between now and the date of the forfeiture hearing, conduct 3 depositions and propound 20 request for admission and 30 requests for production. The Court cautions the Government that this discovery is limited in scope to: the source of any payments made for the vehicles, source/sources of the money used for such payments, maintenance and insurance payments related to the vehicles, the locations from which the vehicles were seized, payments made for storage fees, whether others possessed and used the vehicles. The Government's request for discovery on "other relevant factual issues" is too broad and is thus **DENIED.**

It is further **ORDERED** that Anderson's third-party claim is set for a forfeiture hearing on **August 19, 2022** at **1:00 p.m.** in Courtroom 4B of the U.S. District Court (SDAL) located at 155 Saint Joseph St. Mobile, AL, 36602. And in accordance with 21 U.S.C. § 853(n)(5):

> At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

Thus, the Government and Anderson shall be prepared to present any/all testimony from claimants,

witnesses, etc., and present any evidence in support of, or in opposition, to Anderson's claim.

**C. Darlene Williams**

On April 20, 2022, individual third-party claimant Williams filed a "Petition to Adjudicate Validity of Interest in Property" in response to the Court's Preliminary Order of Forfeiture. (Doc. 628). Specifically, Williams filed a Petition, as a third-party Petitioner/Claimant, regarding the following property subject to the Preliminary Order of Forfeiture, claiming an interest in same: a 2007 Mercedes Benz, VIN WDDLJ6FBBFA146354 (the vehicle). (Doc. 628). In support, Darlene Williams submitted copies of an October 30, 2020 Alabama Department of Revenue tag receipt for the vehicle, and an October 10, 2018 Bill of Sale for the vehicle. (Doc. 628 at 3-4). A review of Williams' Petition revealed that it was not signed under penalty of perjury by her as the petitioner/claimant. As such, on April 21, 2022, the Court ordered Williams to amend her petition to correct this deficiency and for the Government to file a response. (Doc. 629). On May 3, 2022, Williams filed an amended petition. (Doc. 656). On May 13, 2022, the Government filed a motion to dismiss her petition arguing that such is untimely, she lacks standing, and the petition remains deficient (Doc. 676) as well as filed a response (Doc. 677).

As noted *supra*, Darlene Williams was a known potential claimant to the Government and so notice was issued directly to her on March 3, 2022. (Doc. 542 at 4). Section 853(n)(2) provides that as a known claimant, Williams had 30 days to file a claim or petition (claiming an interest in the property subject to forfeiture) from her receipt of direct notice from the Government, or within 30 days of the final publication of notice – whichever is earlier. Here, the earlier is Williams' direct receipt of notice from the Government. See, e.g., Davenport, 668 F.3d at 1321; Marion, 562 F.3d at 1335-1336; Soreide, 461 F.3d at 1355. And this 30 day rule is mandatory. Id.

In support, the Government submits the certified mail return receipt card for Williams

signed by Earl Richards on March 4, 2022. (Doc. 676-1). While the Government does not explain the relation of Earl Richards to Williams, the notice was provided to the address of record for Williams, as reflected in her amended petition and the Government asserts that such is sufficient due to the following:

> The mailed written notice to Williams evidenced by Exhibit 1 complies with the necessary due process for this proceeding. Federal courts have held that ancillary proceedings must comport with prevailing due process requirement governing adequate notice. See, e.g., *United States v. Davenport*, 668 F.3d 1316, 1322-23 (11th Cir. 2012)("The Supreme Court has long held that due process is satisfied when notice 'is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action,'" citing *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).
>
> Where the name and address of the person who holds an interest in the property is known, "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition." *Id*., citing *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983). Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice. See *Dusenberry v. United States*, 534 U.S. 161, 170 (2002) (Notice is sufficient to comport with due process where said notice is "reasonably calculated, under all the circumstance, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *United States v. Robinson*, 434 F.3d 357, 366 (5th Cir. 2005) ("Due process does not require actual notice or actual receipt of notice.").
>
> ... mailing the written notice to Williams via certified mail return receipt requested at the Gaston Loop Road address (where she admits she lives) was reasonably designed to apprise her of the existence of the forfeiture action. The certified mailing required a signature for delivery, and the card was returned to the Government reflecting the date upon which delivery was accepted. It was not marked "refused," "return to sender" or "addressee unknown," nor was it forwarded to another address. The Government took reasonable steps to provide Williams with direct written notice through the mail, which comports with constitutional due process requirements.
>
> This time period begins from the date of the final publication or the claimant's receipt of notice under paragraph (1) (direct written notice to a person known to have alleged an interest in the property subject to the order of forfeiture), "whichever is earlier." See 21 U.S.C. § 853(n)(1), (2) (emphasis added). The date on which delivery was accepted, March 4, 2022, started the thirty-day clock on Williams' claim, and the time period expired on April 4, 2022.[ ] Williams initial

> claim was filed on April 20, 16 days past the deadline. *See Davenport*, 668 F.3d at 1318-1319, 1323 (dismissal of a third-party claim as untimely was upheld when the claim was filed 20 days past the thirty-day deadline; claimant's attorney had been served with direct written notice).
>
> Williams' failure to file her claim within thirty days of the date on which service of the preliminary forfeiture order was accepted requires the Court to dismiss the claim. The statute does not permit the establishment of a new deadline for the filing of a facially sufficient claim, because, as noted above, dismissal is mandatory for missing the thirty-day deadline. *Marion*, 562 F. 3d at 1337. Failure to timely file a petition as defined by statute extinguishes a third party's interest in the forfeited property. *Id*. at 1339. Williams' petition is due to be dismissed as untimely.

(Doc. 676 at 5-6 (footnote omitted)).

Upon consideration, and based on the applicable case law and the facts of record, the Court agrees. Williams was provided notice of the forfeiture by March 4, 2022 -- the date that delivery of the notice was accepted at her residence -- and so she had until April 4, 2022 within which to file a claim/petition. As such, Williams' April 20, 2022 filing is untimely and her claim is **DISMISSED.**[3]

**D. Nyla Eliece Robinson**

On May 2, 2022, individual third-party claimant Robinson filed a "Verified Claim in Opposition to Civil Judicial Forfeiture" (Doc. 655) in response to the Court's Preliminary Order of Forfeiture. Specifically, Robinson, as a third-party Petitioner/Claimant, claims an interest in the following property: a 1995 Chevrolet Caprice, VIN 1G1BL52P5SR139474. (Doc. 655). Robinson stated that this vehicle belongs to her and is titled in her name, attaching a voided 2020 Certificate of Title for the vehicle issued by the Alabama Department of Revenue (Id. at 4), and that she does not believe the vehicle has been used in such a manner as to provide a basis for forfeiture in this case. A review of Robinson's Petition revealed deficiencies. These included that:

---

[3] As such, the Court need not address the other grounds asserted by the Government.

1) it was not signed under penalty of perjury by the petitioner/claimant; 2) it failed to establish the nature and extent of ownership of the vehicle; 3) it failed to fully explain the time and circumstances when she acquired the interest; 4) it failed to contain additional facts to support her claim for relief; and 5) she did not attached a current vehicle registration. As such, on May 5, 2022, the Court ordered Robinson to amend her petition to correct these deficiencies and for the Government to file a response thereto. (Doc. 657). A copy of the Court's Order was mailed to Robinson at her address on record, but such was returned to the Court as "return to sender, unable to forward, attempted-not known." (Doc. 679). As such, no amended petition was filed by Robinson which corrected the deficiencies *supra*. And on May 20, 2022, the Government filed a motion to dismiss Robinson's claim, arguing that such is untimely, she lacks standing, she lacks standing, and the petition which has not been amended remains deficient. (Doc. 682).

As noted *supra*, Robinson was a known potential claimant to the Government and so notice was issued directly to her on March 3, 2022. (Doc. 542 at 4). Section 853(n)(2) provides that as a known claimant, Robinson had 30 days to file a claim or petition (claiming an interest in the property subject to forfeiture) from her receipt of direct notice from the Government, or within 30 days of the final publication of notice – whichever is earlier. Here, the earlier is Robinson's direct receipt of notice from the Government. See, e.g., U.S. v. Davenport, 668 F.3d 1316, 1321 (11th Cir. 2012); U.S. v. Marion, 562 F.3d 1330, 1335-1336 (11th Cir. 2009); U.S. v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006). And this 30 day rule is mandatory. Id.

In her original claim/petition, Robinson acknowledges that she is aware that the Government seeks to have certain personal property forfeited in the case. (Doc. 655 at 1). Yet Robinson simultaneously claims she did not receive notice of the preliminary order of forfeiture from the Government. (Id. at 2). The record shows the Government issued direct notice to

Robinson via certified mail on March 3, 2022 and that delivery was accepted by someone at her residence on March 4, 2022. (Doc. 682-1). While the signature on the certified mail return receipt is unclear, direct written notice of the preliminary order of forfeiture was provided to an individual at her residence -- the residence listed on the exhibit to Robinson's claim (2212 Clement Street, Mobile, AL, 36617 -- *i.e.*, the address she provided for her residence) on March 4, 2022. (Id.) Additionally, in support the Government cites the same case law as for Williams *supra* and asserts as follows:

> ... If Robinson asserts that she did not receive direct written notice, the inquiry is whether the Government's attempt to provide notice is, under all the circumstances, reasonably designed to apprise the parties in interest of the existence of the forfeiture actions. *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 23 (1st Cir. 2006), citing *Mullane*, 339 U.S. at 314. The case law makes it clear that government's burden is not a heavy one. *Id*. at 22.
>
> In the instant case, mailing the written notice to Robinson via certified mail return receipt requested at the Clement Road address was reasonably designed to apprise her of the existence of the forfeiture action. The certified mailing required a signature for delivery, and the card was returned to the Government reflecting the date upon which delivery was accepted. It was not marked "refused," "return to sender" or "addressee unknown," nor was it forwarded to another address. The Government took reasonable steps to provide Robinson with direct written notice through the mail, which comports with constitutional due process requirements.
>
> This time period begins from the date of the final publication or the claimant's receipt of notice under paragraph (1) (direct written notice to a person known to have alleged an interest in the property subject to the order of forfeiture), "whichever is earlier." *See* 21 U.S.C. § 853(n)(1), (2) (emphasis added). The date on which delivery was accepted, March 4, 2022, started the thirty-day clock on Robinson's claim, and the time period expired on April 4, 2022.[] Robinson's claim was filed on May 2, 28 days past the deadline. *See Davenport*, 668 F.3d at 1318-1319, 1323 (dismissal of a third-party claim as untimely was upheld when the claim was filed 20 days past the thirty-day deadline; claimant's attorney had been served with direct written notice).
>
> Robinson's failure to file her claim within thirty days of the date on which service of the preliminary forfeiture order was accepted requires the Court to dismiss the claim. The statute does not permit the establishment of a new deadline for the filing of a facially sufficient claim, because, as noted above, dismissal is mandatory for missing the thirty-day deadline. *Marion*, 562 F. 3d at 1337. Failure to timely file a

> petition as defined by statute extinguishes a third party's interest in the forfeited property. *Id*. at 1339. Robinson's petition is due to be dismissed as untimely.

(Doc. 682 at 5-7 (footnote omitted)).

Upon consideration, based on the applicable case law and the facts of record, the Court agrees. Robinson was provided notice of the forfeiture by March 4, 2022 -- the date that certified mail delivery of the notice was accepted at her residence -- and so she had until April 4, 2022 within which to file a claim/petition. As such, Robinson's May 2, 2022 filing is untimely and her claim is **DISMISSED.**[4]

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1) the third-party claim of Darlene Williams is **DISMISSED** as untimely;

2) the third-party claim of Nyla Eliece Robinson is **DISMISSED** as untimely;

3) as to third-party claimant Ally Bank's claim, the Government and Ally Bank shall file a Joint Status Report regarding the status of Ally's claim on or before **June 1, 2022**;

4) as to third-party claimant Maurio Anderson's claim, the Government's request to conduct limited discovery is **GRANTED** as detailed *supra* and Anderson's claim is set for a forfeiture hearing before the undersigned on **August 19, 2022** at **1:00 p.m.** in Courtroom 4B of the U.S. District Court (SDAL) located at 155 Saint Joseph St., Mobile, AL, 36602.

**DONE** and **ORDERED** this the **24th** day of **May 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

[4] As such, the Court need not address the other grounds asserted by the Government.